IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00164-EWN-CBS

CLYDE FREEMAN,
ESTHER LEWIS,
CHERYL MCCLENTON,
GLORIA JAMES,
EULUS DENNIS, and
ALTON SMITH,
     Plaintiffs,
v.

ROXANE WHITE,
THE DENVER DEPARTMENT OF HUMAN SERVICES, and
THE CITY AND COUNTY OF DENVER,
     Defendants.

---

## ORDER REGARDING DEFENDANTS'
## BILL OF COSTS AND ATTORNEYS FEES

---

Magistrate Judge Craig B. Shaffer

THIS MATTER comes before the court on Defendants' Bill of Costs and Attorneys Fees

Pursuant to the Court's Memorandum Order of March 10, 2006 (Document # 80), filed on April

14, 2006.  That Memorandum Order granted in part and denied in part Defendants Roxane White,

the Denver Department of Human Services and the City and County of Denver's Motion to Strike

Plaintiffs' Untimely Expert Report (Document # 56), filed on December 21, 2005.  In the same

Memorandum Order, this court imposed monetary sanctions against Plaintiffs Freeman,

McClenton, James and Dennis and directed Defendants to file an appropriate bill of costs.  On

April 21, 2006, Plaintiffs Freeman, McClenton, James and Dennis filed their joint Objection to

1

Defendants' Bill of Costs.  Although Plaintiffs elected not to challenge the court's substantive

analysis or the disposition of Defendants' Motion to Strike, they have objected to the amounts

requested in Defendants' Bill of Costs as "grossly inflated."

Pursuant to an Order of Reference dated February 1, 2005, this matter was referred to the

Magistrate Judge to, *inter alia*, "issue orders necessary for compliance with the scheduling order,

including amendments or modifications of the scheduling order upon a showing of good cause,"

and "hear and determine any pretrial matter, including discovery matters and non-dispositive

motions."  The court has carefully considered the parties' papers, the entire case file and the

applicable law, and is sufficiently advised in the premises.  I do not find that oral argument would

materially assist the court in resolving the pending issues.

Rule 37(c) provides that where a party without substantial justification fails to disclose

information required by Rule 26(a) or 26(e)(1), the court may impose sanctions, including the

payment of reasonable expenses, unless such failure was harmless.  *See* Fed.R.Civ.P. 37(c)(1).

Rule 37 sanctions are imposed "not merely to reimburse the wronged party or penalize the

offending party, but to deter others from engaging in similar conduct."  *National Hockey League v.*

*Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976).  "[T]he limit of any sanction should be

that amount reasonably necessary to deter the wrongdoer."  *Cf. White v. General Motors Corp.*,

908 F.2d 675, 685 (10th Cir. 1990).  My Memorandum Order of March 10, 2006 provided, in

pertinent part, that

> Plaintiffs Freeman, McClenton, James and Dennis must reimburse Defendants for
> any fees they paid to Dr. Bardwell in connection with his October 26th deposition.
> The aforementioned Plaintiffs must also reimburse Defendants for any court
> reporter fees and transcript costs incurred by Defendants in connection with that
> deposition.  I will also require Plaintiffs to reimburse Defendants for the reasonable

attorneys fees incurred in connection with Dr. Bardwell's deposition, up to a maximum of $750. . . .  Finally, the court will require Plaintiffs Freeman, McClenton, James and Dennis to pay the reasonable fees and costs incurred by Defendants in connection with the pending Motion to Strike, including the reasonable fees incurred by Defendants' counsel to appear at the hearing on February 13, 2006.

Under Rule 37, the party seeking an award of fees and costs bears the burden of demonstrating that the requested fees, and related hours, are reasonable.  *Cf. Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1202 (10th Cir. 1998) (holding that a fee applicant bears the burden of proof on the issue of "reasonableness").  In determining the "reasonableness" of requested fees and costs, the trial court is vested with considerable discretion and may properly rely on its own experience to estimate the time reasonably required for the work claimed.  *See Fischer v. Sysco Food Services of Central Alabama*, 2006 WL 2480166 (M.D. Ala. 2006); *Spegon v. Catholic Bishop of Chicago*, 989 F. Supp. 984, 988 (N.D. Ill. 1998).  The court remains mindful that a request for fees should not spawn a new series of disputes that merely prolongs the litigation.  *Cf. Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Services*, 532 U.S. 598, 609 (2001).

Defendants' Bill of Costs incorporates an hourly rate of $200.00 for defense counsel's time.  In support of this request, Defendants provide no specific information concerning counsel's legal education, her litigation experience, or her particular responsibilities as an Assistant City Attorney.  *But see* D.C.COLO.LCivR 54.3 (requiring that any motion for attorneys fees "shall include for each person for whom fees are claims . . . a summary of relevant qualifications and experience).  Defendants have appended to their Bill of Costs an affidavit from another attorney practicing in the Denver, Colorado area.  In her affidavit, Ms. Rea indicates that she is a partner in

a Denver law firm, that she has over sixteen years of experience in employment and labor law, and

has a standard hourly rate of $360.00.  Ms. Rea concludes her affidavit by stating:

> I know Linda Davison from the Denver City Attorney's office, have worked on
> employment lawsuits with her, and know that her experience in employment and
> labor law is comparable to mine.

*See* Affidavit of Colleen M. Rhea, attached to Defendants' Bill of Costs.  Plaintiffs contend that

Ms. Rea's affidavit is "legally inadequate to satisfy the requisite information that Defendants'

counsel must provide the Court so that it can reasonably assess a proper hourly rate."  *See*

Objection to Defendants' Bill of Costs, at 4.

Certainly, defense counsel's status as a City employee does not preclude compensation for

hours reasonably expended in bringing Defendants' Motion to Strike.  *Cf. Equal Employment*

*Opportunity Commission v. Accurate Mechanical Contractors, Inc.*, 863 F. Supp. 828, 834 (E.D.

Wis. 1994) (holding that EEOC's in-house counsel's request to be compensated under Rule

37(a)(4) at the hourly rate of $160.00 was reasonable in light of counsel's years of experience).

However, in light of the self-serving affidavit tendered by Defendants, this court will exercise its

discretion to determine a reasonable hourly rate based upon my knowledge of prevailing

community rates and fee awards in other reported cases in the District of Colorado.  *Creative*

*Resources Group of New Jersey, inc. v. Creative Resources Group, Inc.*, 212 F.R.D. 94, 103

(E.D.N.Y. 2002).  *Cf. Guides, Ltd. v. Yarmouth Group Property Management, Inc.*, 295 F.3d

1065, 1079 (10th Cir. 2002) ("[w]here a district court does not have before it adequate evidence of

prevailing market rates, the court may use other relevant factors, including its own knowledge, to

establish the rate").  For example, in a civil rights action brought under 42 U.S.C. § 1983, the

District Court concluded that the hourly rates of $225.00 and $175.00 claimed by plaintiff's

counsel were commensurate with reasonable hourly rates of other lawyers with comparable

experience and skill in the Denver legal community. *Rodriguez v. Zavaras*, 22 F. Supp.2d 1196,

1202 (D. Colo. 1998). Similarly, in *Hampel v. City and County of Denver*, 886 F. Supp. 760, 761

(D. Colo. 1994), the court held that an hourly rate of $210 for plaintiff's counsel was reasonable in

an action brought under Title VII. *See also Guides, Ltd. v. Yarmouth Group Property*

*Management, Inc.*, 295 F.3d at 1078 (found no abuse of discretion where the trial judge in

September 1999 reduced lead plaintiff's counsel's hourly rate from $250 to $200). I will presume

that hourly rates in the Denver legal community have increased in the years since those decisions

were rendered. After considering the claims asserted in this case, the entire court file, and after

observing defense counsel's professional skills during several hearings, I conclude that an hourly

rate of $200.00 is not unreasonable.

Plaintiffs also challenge the reasonableness of certain hours claimed in Defendants' Bill of

Costs. More specifically, Plaintiffs argue that Defendants' requested hours are excessive, are not

sufficiently documented to support reimbursement, and do not reflect appropriate billing judgment.

In light of those perceived deficiencies, Plaintiffs maintain that Defendants' fee award should

reflect no more than seven hours of attorney time attributable to the Motion to Strike.[1] While the

court concludes that some reductions are necessary, Plaintiffs' proposal sweeps too broadly.

The court will exclude from Defendants' Bill of Costs those hours reflecting work that

would have been undertaken irrespective of the Motion to Strike and the underlying discovery

dispute. *Cf. Mosaid Techs. Inc. v. Samsung Electronics Co.*, 224 F.R.D. 595, 598-99 (D. N. J.

---

[1] Plaintiffs apparently concede that Defendants are entitled to an additional $1,484.58 in deposition-related costs and fees.

2004) (refusing to award fees for work that likely would have been performed in the absence of a discovery dispute, although tangentially related to the sanctions motion). *See also Primex, Inc. v. Visiplex Technologies, Inc.*, 2006 WL 538992 (W.D. Wis. 2006); *Creative Resources Group of New Jersey, Inc. v. Creative Resources Group, Inc.*, 212 F.R.D. at 104 (holding that a party could not recover fees under Rule 37(a) for work that would have been incurred in the course of normal discovery). Defendants' Bill of Costs requests reimbursement for 1.75 hours devoted to "read[ing]/review[ing] Bardwell's 40-page supplemental expert report disclosed 12/02/05," as well as 1.75 hours attributed to "review[ing] selections of Bardwell's deposition and Farina's deposition for motion to strike" and 1.0 hours to "review[ing] Dr. Farina's expert report and compar[ing] Bardwell's original and supplemental reports." In my view, all of this time (4.5 hours) would have been expended in the ordinary course of conducting discovery and preparing for trial. That conclusion seems particularly appropriate in light of my Memorandum Order Regarding Defendants' Motion to Strike Plaintiffs' Untimely Expert Report, which declined to exclude Dr. Bardwell's revised report.[2] I will exclude this time and the corresponding claim for $900.00 incorporated in Defendants' Bill of Costs.

In calculating fee awards in civil rights cases, it is generally recognized that a prevailing party must make a "good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). *See also Ellis v. University of Kansas Medical Center*, 163 F.3d 1186, 1202 (10th Cir. 1998) (noting that

---

[2]As I noted, "[a]ny substantive flaws in the analyses provided by Dr. Bardwell or Dr. Farina should be resolved by the District Court or the trier of fact." *See* Memorandum Order at 21. That observation became irrelevant on September 28, 2006, with the District Court's Order and Memorandum of Decision which granted Defendants' Motion for Summary Judgment.

while counsel for the prevailing party must exercise billing judgment, the "district court has a corresponding obligation to exclude hours not 'reasonably expended' from the calculation"). I see no reason to depart from that standard in awarding reasonable fees and costs under Rule 37(c). In this case, the court concludes that some of Defendants' time entries are excessive and should be reduced.

For example, Defendants seek reimbursement for .25 hours devoted to "review[ing] federal rules 26(a) and (e), rule 37(c)" on December 16, 2005. I note that on the same day, defense counsel spent .75 hours drafting her four-page Motion to Strike, which did not discuss those Rules at all. Under the circumstances, Defendants have failed to provide adequate justification for the requested .25 hours of "review." Similarly, Defendants are seeking fees for 1.75 hours incurred on December 20, 2005 to "review/finalize motion to strike and 5 exhibits." This time entry does not explain what portion of the total time was devoted to "finalizing" exhibits or what that process involved. The court notes that Defendants are claiming .75 hours to draft their four-page Motion to Strike. I am at a loss to understand how defense counsel could spend 1.75 hours revising a motion that took substantially less time than that to draft. Given defense counsel's claimed expertise and litigation experience, the court would have expected the editorial process to require less time. *Cf. Stover v. Riley*, 30 F. Supp.2d 501, 504-05 (E.D. Pa. 1998) (finding excessive and reducing by one-third the time counsel spent doing research and document review after noting that counsel's affidavit demonstrated specialization in the substantive area of law raised by lawsuit); *S.A. Auto Lube, Inc. v. Jiffy Lue International, Inc.*, 131 F.R.D. 547, 552 (N.D. Ill. 1990) (reducing by half the time claimed by counsel for editing and revising a brief, after determining that the requested hours were excessive). The court will exclude the .25 hours claimed on December

7

16, 2005 and reduce by .75 hours the time claimed on December 20, 2005.

Finally, the court will reduce the requested 2.25 hours on January 20, 2006 devoted to "Lexis legal research on Rule 26(e) standard for supplemental expert reports." On its face, this time entry appears to be excessive. I will presume that the legal research in question relates to Defendants' Supplemental Authorities in Support of Their Motion to Strike (Document # 63), filed on January 24, 2006.[3] That filing was slightly more than two pages in length and briefly summarized five reported decisions, none of which are controlling in the Tenth Circuit. The court also notes that Defendants claimed only .75 hours of legal research on January 12, 2006 in order to draft a nine-page Reply in Support of Their Motion to Strike. Without a more persuasive explanation, I can only conclude that 2.25 hours of legal research was excessive given the posture of Defendants' Motion to Strike and the lack of any apparent correlation between the time expended on research and time expended in actual drafting. The court will reduce Defendants' Bill of Costs by 1.5 hours, or $300.00.

Finally, Plaintiffs argue that Defendants' Bill of Costs should be adjusted downward given that Defendants did not accomplish their stated goal of striking Plaintiffs' revised expert report. I do not find this argument persuasive. Rule 37(c) provides that the court may impose sanctions if a party fails to comply with its obligations under Rule 26(a) and 26(e)(1), unless that conduct is substantially justified or harmless. The court's Memorandum Order of March 10, 2006 concluded that Plaintiffs' non-compliance was neither justified nor harmless. In light of those findings, Defendants were the prevailing parties. This court declined to provide Defendants' requested relief only because of the mandate that Rule 37 sanctions "should be the least severe of

---

[3]Defendants have claimed .25 hours to actually write the list of Supplemental Authorities.

those available, which appear[] adequate to deter and punish the wrongdoer." *Hite v. The PQ Corp.*, 1998 WL 895893, *2 (D. Kan. 1998).  My Memorandum Order determined that an award of reasonable fees and costs was the least severe sanction that could be imposed in light of Plaintiffs' violation.  I will not allow Plaintiffs to cite my exercise of judicial restraint as further grounds for reducing recoverable fees and costs.

Accordingly, the court accepts Defendants' Bill of Costs, subject to the foregoing reductions.  Plaintiffs are hereby required to pay within sixty (60) days of this Order, the following amounts:  (1) deposition fees and transcript costs in the total amount of $734.58; attorneys' fees related to Dr. Bardwell's deposition in the total amount of $750.00; and (3) attorneys' fees related to Defendants' Motion to Strike in the total amount of $3,050.00.

DATED this 25th day of October, 2006.

BY THE COURT:


*s/Craig B. Shaffer*
United States Magistrate Judge